Wheeler, O. J.
-—-Contracts for the sale of land are considered of two descriptions: 1st, where the sale is of a specific quantity, which is usually denominated a sale by the acre; and, 2d, where the sale is of a specific tract, by name or description, which is said to be a sale in gross. (2 Bibb, 271.)
Whether, in a given case, the sale was by the acre or in gross, is, in general, matter of judicial construction of the deed or contract; and numerous cases are reported in which the courts have construed the contract to be a sale by the acre or in gross according to the terms employed in the instrument. (1 Sug. on Vend., § 3, and cases cited in notes; 4 Kent’s Com., 466-7, and notes; Bawle on Cove *31 nants, 520.) In general, where there is a mention of the quantity of acres, and. also a certain description of the subject by metes and bounds, or by other known specification, the mention of the quantity of acres is held to be but matter of description, and does not entitle the purchaser to an abatement of the price, though the quantity of acres should fall short of the given amount. Where there has been an executed conveyance of the land by a particular description, and with an enumeration of the quantity of acres, the latter is held to be matter of description merely, and cannot be deemed an implied covenant for quantity. But if an estate be sold by the acre, and there is a deficiency in the number conveyed, the purchaser will be entitled to an abatement of the price, or to compensation if the price has been paid under a mistake.
The charge of the court recognizes the true distinction between a sale by the acre and in gross; but the objection to the charge is, that the court did not give a construction to the deed, blit left it to the jury to decide from the evidence, whether the sale was by the acre or in gross. It would seem that this objection to the charge is not without good reason. It certainly was the province of the court to construe the deed; and it was not proper for the court to leave the decision of the question to the jury upon the parol evidence alone, or as controlling the legal import of the deed. Such evidence is admissible to show gross mistake as to the number of acres, (Harrison v. Talbot, 2 Dana, 258,) but how far it may be received for any other purpose than to show such mistake or fraud in the case of an executed conveyance, may admit of question. It certainly is not admissible to change the legal import of a deed. Whether it was entitled to any effect in the present case, need not now be decided, as the point has not received the attention of counsel in argument, and there is another ground upon which the judgment must be reversed. The case of Harrison v. Talbot, above cited, may be consulted *32 with advantage upon this branch of th'e case. (And see Young v. Craig, 2 Bibb, 270; Nelson v. Carrington, 4 Munf., 332.)
We are of opinion that the objection to the admission of the testimony of the witness (Shaw) was well taken. The main object of introducing this witness doubtless was tó impeach the credit of-the witness, (Weir,) the plaintiff’s • * agent. The witness, it seems, had been interrogated with the view to impeach his credit, and answered that he did not remember to have made the statements imputed to him. In such a case the authorities are not agreed whether evidence of the statement of the witness is admissible. (1 Greenl. Ev., § 462; 2 Phil. Ev., 4 ed., by C. & H., 959, 960.) Mr. Phillips thinks the better opinion is, that the evidence should be admitted, adopting the ruling of Parke B., in Crowley v. Page, 7 C. & P., 791. But still, he says, if the statement imputed to the witness should appear, on inquiry, to contradict his evidence in court, .it would evidently be proper to give him an opportunity, on re-examination, to make any explanation in his power as to the apparent contradiction; and such, it seems, is the universal practice. It is obviously just, where the variance between the present statement of the witness, upon oath, and his former statement, as reported by a third person, may be as much owing to the mistake of the one as the misstatement of the other, that the memory and credit of both witnesses should be fairly tried and contrasted. The supposed contradiction may be- satisfactorily explained; and hence the opportunity to explain must be afforded. But here the opportunity was not afforded, and could not be, because the testimony of the witness (Weir) was taken by interrogatories. He does not appear to have been-present in court, and not having been apprized of the statement of the witness offered to contradict him, or impeach his credit, he had no opportunity afforded him for any explanation. This was a sufficient reason to exclude *33 the evidence offered to impeach the credit of the witness. If the evidence were admissible for any other purpose, it should have been restricted in its admissions to that purpose, and the jury should have been made aware that it 'was not to be received by them as impeaching the credit of the witness, Weir. But the only other purpose for which it could have been offered was to prove the settlement with the agent. It was not competent, for that purpose, to give evidence of the declarations of the agent, because he was himself a competent witness, and was examined in the case. We are of opinion, therefore, that the court erred in admitting the evidence, for which error the judgment must be reversed, and the cause
Remanded.