The Missouri, Kansas & Texas Railway Company of Texas v. T. R. Creason.

No. 1774. Decided February 12, 1908.

**1.—Impeachment of Witness—Cross Examination—Indictment.**

It is not permissible to impeach the testimony of a witness by cross-examination showing that he had been indicted for a felony or other crime. (Pp. 336–338.)

**2.—Same.**

For the purposes of impeachment, whether upon cross-examination of the witness attacked, or by the introduction of other evidence, the inquiry must be confined to testimony relevant to the credibilty of the witness. (P. 337.)

Question certified by the Court of Civil Appeals for the Second District, in an appeal from Collin County.

*T. S. Miller* and *Garnett & Hugston,* for appellant.—It is incompetent and illegal to impeach a witness' character by showing specific acts or by showing that his general moral character is bad, and the court erred in permitting the plaintiff to impeach the witness, Sam Apple, in the manner above indicated. Gulf, C. & S. F. Ry. Co. v. Johnson, 83 Texas, 633; Houston & T. C. Ry. Co. v. Bulger, 80 S. W. Rep., 559; Kennedy v. Upshaw, 66 Texas, 452; Johnson v. Brown, 51 Texas, 65; Boon v. Weathered, 23 Texas, 675; Crawleigh v. Ry. Co., 67 S. W. Rep., 140; Ayres v. Duprey, 27 Texas, 599; Moore v. Moore, 73 Texas, 388; Herring v. Patten, 18 Texas Civ. App., 150; Hill v. Dons (Texas Civ. App.), 37 S. W. Rep., 638; Weir v. McGee, 25 Texas Supp., 21; White v. Houston & T. C. Ry. Co., 46 S. W. Rep., 382; Missouri, K. & T. Ry. Co. v. Dumas, 15 Texas Ct. Rep., 540; 1 Whar., Civ. Ev., sec. 562; 29 Ency. Law, p. 805; Turnpike Road Co. v. Loomis, 32 N. Y., 139.

The effect of this evidence was to impeach the defendant's witness, Apple, before the jury by showing charges against him of specific acts and not by showing a general bad reputation for truth and veracity; this evidence was highly prejudicial to the defendant; and the court erred in overruling its objections made at the time, and in permitting the witness to answer said questions.

*Church & Doyle,* for appellee.—The court did not err in permitting the impeachment of the witness in the manner complained of. Linz v. Skinner, 32 S. W. Rep., 915; Texas Brewing Co. v. Dickey, 43 S. W. Rep., 577; Heath v. White, 39 S. W. Rep., 123; Texas & P. Ry. Co. v. Durrett, 58 S. W. Rep., 188; McCarty v. Hartford Fire Ins. Co., 75 S. W. Rep., 934; Casey-Swasey Co. v. Virginia State Ins. Co., 75 S. W. Rep., 911; 1 Greenleaf on Evidence, sec. 457; 7 Encyclopedia of Evidence, pp. 173, 176, 178, 214, 225; Abbott's Trial Brief, Civil Jury Trials, 181; Carroll v. State, 24 S. W. Rep., 100; Keaton v. State, 57 S. W. Rep., 1128; Childress v. State, 90 S. W. Rep., 30; Ryan v. State, 36 S. W. Rep., 932.

Mr. Justice Brown delivered the opinion of the court.

Certified question from the Court of Civil Appeals for the Second Supreme Judicial District as follows:

"In this case appellee recovered a verdict and judgment in the sum of three hundred and fifty dollars as damages for personal injuries sustained at a railroad crossing in one of the streets of McKinney, Texas. The evidence warranted but did not require the verdict in appellee's favor. Numerous errors have been assigned but we find no merit in any of them unless the court erred in allowing appellee on cross-examination of appellant's witness Sam Apple to prove that the witness had been charged with arson and other crimes. The testimony of this witness was material, and if the court erred in the ruling complained of it would in our opinion necessitate a reversal of the judgment. After he had testified to material facts in behalf of appellant, he was asked on cross-examination if he had ever been charged with any offense against the law, and if so, what offense, and was permitted to answer over the objection in effect that a witness could not thus be discredited, "that he had been charged with arson, burning a building, also with carrying a pistol and also with a few other frivolous things." In view of the conflict of authority on this question, we deem it advisable to certify it to your Honors for decision; that is, whether it is competent on cross-examination to impeach a witness by proving by him that he has been indicted for a felony or other crime.

"For a fuller statement of the question certified and of the circumstances attending the ruling complained of, together with the citation of authorities bearing on the question, we refer to the second and third assignments of appellant as set forth in its brief from pages thirty to thirty-nine, inclusive, and appellee's brief, pages three to seven, inclusive."

At an early date in the history of this court it was settled that "in the impeachment of a witness the inquiry should be confined to his general reputation for truth and that it should not extend to his general moral character." Boon v. Weathered, 23 Texas, 675; Ayres v. Duprey, 27 Texas, 594; Kennedy v. Upshaw, 66 Texas, 452. In the case last cited Judge Stayton quoted the rule as above stated from Boon v. Weathered, and said: "This is in accordance with the great weight of authority." Boon v. Weathered, has been followed by this court in all subsequent de-

cisions and has in no sense been modified in its application to impeachment of witnesses.

However, it is claimed that the rule is not applicable to impeachment of a witness by cross-examination of him, and we are cited to a number of authorities to sustain that proposition, among which is Carroll v. The State, 24 S. W. Rep., 100, in which the Court of Criminal Appeals depart from the rule established by the Supreme Court both for civil and criminal cases at the time that it had jurisdiction of criminal matters. In Gulf, Colorado & Santa Fe Railway Co. v. Johnson, 83 Texas, 633, this court distinctly applied the same rule to cross-examination of a witness for the purpose of impeachment that was laid down in the case of Boon v. Weathered. In the Johnson case, a witness being on the stand, the party against whom he had testified, over the objection of the party who had called him, was permitted by the trial court, upon cross-examination for the purpose of impeaching the witness, to ask him if he was not a deserter from the United States Army. Of which ruling this court said: "The testimony was wholly irrelevant to any issue in the case. The object of it was to break down the witness' character before the jury and to discredit his testimony. A witness can not be impeached in such way." Thus we see that the rule applied by this court has been uniform that, for the purposes of impeachment whether upon cross-examination of the witness attacked or by the introduction of other evidence, it must be confined to testimony relevant to the issue of the credibility of the witness.

In Ingersol v. McWillie, 87 Texas, 648, two questions were presented to this court upon application for writ of error. The Court of Civil Appeals sustained the action of the trial court in permitting the opposing party, upon cross-examination of a witness, to ask and require her to answer whether or not she had been guilty of illicit carnal intercourse with the deceased, whose estate was in question. The party cross-examining the witness was claiming to have been the wife of the deceased, Collins, and it was held by the Court of Civil Appeals that the testimony was relevant and admissible because it tended to show her bias against the opposite party. Chief Justice Gaines said: "But in this case we are not prepared to hold that the trial court did not err in requiring the witness Lydia Hawley to answer the questions whether she had not had sexual intercourse with Collins, and whether she had not visited a house of ill-fame. We do not find it necessary to decide the point. If error at all, it is error of which applicants can not take advantage. The answers were relevant on cross-examination as tending to show the bias of the witness, and as tending to affect the credibility of her testimony. The privilege of not answering in such a case is the privilege of the witness only." The fact that the witness, Apple, had been indicted for arson was not relevant to the issue of his credibility; neither did it tend to show a bias in favor of the railroad company nor prejudice against Creason.

We see no reason for departing from the well established rule

of this court upon this subject. We therefore answer, that it was not competent on cross-examination to impeach the witness, Apple, by proving by him that he had been indicted for a felony or other crime.