## B. F. HUFF v. S. W. McMICHAEL.

Decided April 20, 1910.

**1.—Conversion—Fraudulent Contract.**

In an action for conversion of corporate stock belonging to plaintiff and alleged to have been transferred to defendant for the purpose of making sales to third parties, an answer setting up that such transfer was in pursuance of a scheme for defrauding third parties in the contemplated sales showed facts precluding plaintiff from recovery, and demurrer thereto was improperly sustained.

**2.—Same—Sale—Agency—Compensation.**

If, without intent to defraud the purchasers, plaintiff transferred corporate stock to defendant for the purpose of making sales thereof through such assignee, the latter would be entitled to recover the value of his services in making such sales, in the absence of any agreement in regard to compensation; but otherwise if there was an agreement that his services were to be rendered gratuitously.

**3.—Same.**

If the owner assigned corporate stock to defendant to sell for him to others, in pursuance of a scheme to defraud them of which defendant was ignorant and acted innocently, he could recover the reasonable value of his services in making such sales.

**4.—Practice—Argument—Right to Open and Conclude.**

Where defendant does not admit plaintiff's cause of action so as to dispense with proof thereof, he is not entitled to open and conclude the argument, though on the evidence, the only issue submitted to the jury was as to defendant's right to recover on his cross action, upon which he had the burden of proof.

ON MOTION FOR REHEARING.

**5.—Witness—Impeachment—Conviction of Crime.**

A witness may be impeached by the record of his conviction and fine in the United States Court for using the mails for the purpose of fraud, that being an offense punishable, in the alternative, by imprisonment in the penitentiary, and of the grade of felony as defined by the laws of Texas.

**6.—Same.**

The rule forbidding impeachment of a witness by proof of specific acts, instead of general reputation, is based on the necessity of preventing too great complication of the issues; it is inapplicable to the question of impeachment by record of a conviction for felony, since evidence to prove that the witness was innocent, though convicted, could not be received.

Appeal from the District Court of McLennan County. Tried below before Hon. Marshall Surratt.

*Eason & Dilworth,* for appellant.—The right to plead that the transfer to appellant was fraudulent is not limited to Early or any other intended victim, but may be plead by appellant or any other person, and it is immaterial whether the party interposing the plea be victim, beneficiary or a stranger to the fraudulent transaction. Prude v. Campbell, 85 Texas, 5; Cunningham v. Holcomb, 1 Texas Civ. App., 332; Leach v. Devereux, 32 S. W., 837; Willis & Bro. v. Morris, 63 Texas, 463; McCampbell v. Durst, 73 Texas, 421; Munson v. Hollowell, 26 Texas, 485; Davis v. Sittig, 65 Texas, 500; Robertson v. Marsh, 42 Texas, 151; Grant v. Ryan, 37 Texas, 41; Donley v. Tindall, 32 Texas, 53; Olcott v. International & G. N. R. Co., 28 S. W., 731; Sieffer v. McLean, 7 Texas Civ. App., 158.

Where service is rendered without an agreement as to the amount of compensation to be received, a recovery can be had on a quantum meruit. Where services are rendered the law implies a promise to pay.

An indictment, judgment and sentence of conviction of crime are not admissible in a civil action for the purpose of impeachment, or for any other purpose. Boon v. Weathered, 23 Texas, 675; Johnson v. Brown, 51 Texas, 76; Kennedy v. Upshaw, 66 Texas, 452; Gulf, C. & S. F. Ry. Co. v. Johnson, 83 Texas, 633; Missouri, K. & T. Ry. Co. v. De Bord, 21 Texas Civ. App., 702; Pennsylvania Ins. Co. v. Faires, 13 Texas Civ. App., 113; Kruger v. Spachek, 22 Texas Civ. App., 308; Tipton v. Thompson, 21 Texas Civ. App., 144; White v. Houston & T. C. R. Co., 46 S. W., 383; Herring v. Patten, 18 Texas Civ. App., 150; Houston, E. & W. T. Ry. Co. v. Runnels, 46 S. W., 395; Hill v. Dons, 37 S. W., 639; Missouri, K. & T. Ry. Co. v. Dumas, 93 S. W., 494; Missouri, K. & T. Ry. Co. v. Adams, 42 Texas Civ. App., 274; Crawleigh v. Galveston, H. & S. A. Ry. Co., 28 Texas Civ. App., 260; Landa v. Obert, 5 Texas Civ. App., 620.

Neither witness nor litigant will be precluded or estopped from

denying or disproving the validity or truthfulness of the judgment of conviction introduced in evidence for the purposes of impeachment. Missouri, K. & T. Ry. Co. v. Dumas, 93 S. W., 494; Houston, E. & W. T. Ry. Co. v. Runnes, 46 S. W., 394.

When the only issue that is submitted to the jury is on the cross-action of the defendant, the defendant is entitled to open and conclude the argument to the jury. District and County Courts, Rule 34; Article 1299, Sayles' Civil Statutes; Latham v. Selkirk, 11 Texas, 321; Willis v. Stamps, 36 Texas, 58; Milburn v. Kennedy, 75 Texas, 213; Belt v. Raguet, 27 Texas, 482; Hillboldt v. Waugh, 47 S. W., 830.

*Thomas P. Stone* and *Clark, Yantis & Clark,* for appellee.—The conviction of appellant in the Federal Court at Waco and his sentence therefor was properly admitted in evidence by the court in the exercise. of the court's discretion, and especially in view of the fact that the conviction was for a similar offense attempted to be committed by appellant, to wit: the extortion of money by fraudulent means, which was the issue in this case. Gulf, C. & S. F. Ry. Co. v. Gibson, 42 Texas Civ. App., 306; 1 Greenleaf on Evidence (16 ed.), sec. 461; Great Western T. P. Co. v. Loomis, 88 Am. Dec., 311, and authorities in note at the end of decision; Wilbur v. Flood, 93 Am. Dec., 203, and authorities in note at the end of decision; Carroll v. State, 32 Texas Crim. App., 431; La Beau v. People, 34 N. Y., 230; Carpenter v. Halsey, 57 N. Y., 658; Real v. People, 55 Barb., 578; Cannaday v. Krum, 83 N. Y., 74.

FISHER, CHIEF JUSTICE.—Appellee sued the appellant Huff to recover certain shares of stock in the American Consolidated Mining & Milling Co., an Oklahoma corporation with a permit to do business in Texas, alleging the conversion by appellant of 8,650 shares of the stock, of the value of $10 per share; that these shares were transferred to appellant, except about 650, for the purpose and upon the representation of appellant that he could make sale thereof, and the transfer was made for that purpose. It was alleged that the appellant failed to make sale, except of 2,000 shares, and he had declined and refused to make any further sales of the stock and refused to deliver the same back to appellee. Appellee sued out an injunction restraining the appellant from disposing of the stock, and prayed for judgment recovering said stock and awarding the same to appellee.

The appellant, among other defenses, pleaded that the stock was transferred to him by the appellee for the fraudulent purpose of defrauding Eugene Early and others. An exception was sustained to this part of the answer. Verdict and judgment of the court below were in appellee's favor.

Appellant's first assignment of error complains of the action of the trial court in sustaining the demurrer to that part of appellant's answer alleging fraudulent scheme in transferring the stock to him by appellee. The answer upon this subject is as follows:

"That appellee was the owner of a considerable number of shares of stock in the mining corporation, and that he desired to sell same

at an exorbitant price and far in excess of its real value. His scheme was to locate interested parties and offer to buy stock from them over the telephone and telegraph under fictitious names, offering to pay an excessive price therefor. Bahl, his confederate, was to transfer the stock to some innocent party and have this party call on the interested parties just after they had received the fictitious message, and offer to sell stock at a price considerably less than the offer contained in the fictitious message. In pursuance of this scheme, Bahl engaged the appellant to assist him, and explained to appellant that the stock was the property of Bahl, and that he, Bahl, could not afford to approach the interested parties, because he, Bahl, was an officer of the company, and it would look bad for an officer to offer stock for sale. Accordingly, appellee telegraphed Early from San Antonio under the fictitious name of 'Wainwright,' offering to pay $1.50 a share for the stock. Bahl knew when this telegram would be received, and just after it was received Bahl sent appellant to Early, with instructions to sell the stock at $1.35 a share. The stock was properly transferred to appellant on the books of the corporation and the proper certificates were issued to him. He called on Early and sold him 2,000 shares at $1.35 per share, making a total of $2,700, which was paid by Early to appellant and by appellant delivered to Bahl, agent of appellee. Appellant thought the stock belonged to Bahl when, in fact, it belonged to appellee. Early desired some more stock. Bear also wanted some. He had been worked on by the same kind of telegrams. To accommodate these demands the stock in question, which was the property of appellee, was properly transferred to appellant by cancellation of the old certificates and a reissue of new certificates. With these certificates in his possession appellant called on these parties and offered same for sale. But during this time an investigation had been made by Early and Bear, and they had ascertained that the buyer and the seller were the same party, and that it was a fraudulent scheme, and consequently refused to buy the stock from appellant. Appellant then learned of the fraudulent scheme, and became fearful that he would be prosecuted for swindling Early. He called on an attorney with reference to this matter, and also to ascertain if he had a cause of action for damages for the deception practiced upon him. The attorney advised him that the transfer was fraudulent, and that the stock could not be recovered. Appellant then refused to re-transfer the stock to appellee, and since held same as his own property."

We are of the opinion that this assignment is well taken. It alleges a fraudulent scheme upon the part of appellee, by which the stock could be floated, and that the appellant was selected as the innocent instrumentality through which this purpose could be accomplished. The scheme set out in the answer, if true, was to perpetrate a fraud, not only upon Early, but upon others, to sell the stock for more than it was worth. If the stock went into the hands of the appellant with the intent to accomplish this fraudulent purpose, the appellee would be in no position to set that transaction aside and recover back the stock. And we are of the opinion that the reasoning of the court in the case of Prude v. Campbell, 85 Texas, 5, recognizes this principle.

In disposing of the second, third, fourth and fifth assignments it is

sufficient to say that if the transaction was not a fraud, as set up in the answer, and appellant agreed to gratuitously furnish his services in selling the stock, he would not be entitled to recover commissions or the value of the services so rendered; and whether there was such an agreement between him and the appellee was a question of fact for the jury. If he did not agree, as claimed by appellant, to gratuitously furnish his services, but rendered valuable services which were accepted and acted upon by appellee in disposing of the stock, he would be entitled to reasonable compensation for those services; but if, as claimed by the appellant, the transaction was a fraud, and he was entrapped and misled into the belief that the scheme was bona fide, and that the object and purpose of the appellee was to in good faith float the stock and put it upon the market, he would be entitled to recover the reasonable value of the services rendered in accomplishing that purpose. This is deemed all that is necessary to be said upon this subject, as these views will doubtless be followed by the court upon another trial, if the evidence is of a character to entitle them to consideration.

Appellant's sixth assignment of error is also well taken. It is to the effect that the court erred in permitting the plaintiff, over the objections of defendant, to introduce in evidence and read to the jury a certified copy of an indictment in case No. 453, criminal, United States v. Boyd Huff, wherein said Huff, who is the appellant, was charged with using the United States mails for the fraudulent purpose of defrauding one Howard Mann out of $50. This indictment was filed in the United States District Court for the Northern District of Texas on December 5, 1896, and a certified copy of the judgment in said cause, showing that said Huff was convicted on the indictment, and a copy of the sentence, showing that Huff was fined $100 and remanded into the custody of the marshal until the sentence was fully satisfied. It is not claimed that the appellant was convicted of a felony, but the evidence introduced was merely for the purpose of affecting his credit as a witness. The judgment of conviction is not only remote, and for this reason the trial court may have erred in admitting it (Herring v. Patten, 18 Texas Civ. App., 150); but that case, as well as Boone v. Weathered, 23 Texas, 675; Gulf, C. & S. F. Ry. v. Johnson, 83 Texas, 633; Tipton v. Thompson, 21 Texas Civ. App., 144; Houston, E. & W. T. Ry. Co. v. Runnels, 46 S. W., 395; Missouri, K. & T. Ry. Co. v. Adams, 42 Texas Civ. App., 274, 114 S. W., 455, and the others named in appellant's brief, together with many others cited in the last case mentioned, are to the effect that a witness can not be discredited as to particular facts, but that he must be discredited or impeached by evidence relating to his general reputation. We conclude that there was error in admitting this evidence.

We are of opinion that the seventh assignment of error is not well taken. It does not present a case in which plaintiff was relieved of the burden of proof in such a manner as to give the appellant the right to open and conclude.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*

OPINION ON MOTION FOR REHEARING.

RICE, ASSOCIATE JUSTICE.—At a former day of this term this case was reversed and remanded, chiefly for the reasons that the court erred (1) in sustaining an exception to the third and fourth paragraphs of defendant's answer; and (2) because the court erred in admitting the record evidence of the indictment and judgment of conviction of the Federal Court for the Northern District of Texas against the appellant Huff in this case, who testified as a witness on the trial below, the same being offered for the purpose of affecting his credibility as a witness, since which time appellee has filed a motion for rehearing, challenging the correctness of our conclusion in both these respects.

After mature consideration of the second question we are inclined to believe that we were in error in so holding. Our opinion was predicated upon a misapprehension of the import of said judgment of conviction, we then being under the impression that appellant was convicted of a misdemeanor; but, upon investigation, we find that the offense of which he was convicted, as provided by the Act of Congress, was a felony, punishable, in the discretion of the presiding judge, by confinement in the penitentiary at hard labor for not more than five years, or in the alternative by a fine of not more than $5,000. (See Acts of Congress, Sept. 26, 1888, 25 Stat. at Large, 496; Same Act in Supp. to the Rev. Stats. of the U. S., vol. 1, secs. 1874 to 1891, p. 621.) Our own statute (art. 55, White's Penal Code) provides that "every offense which is punishable by death or by imprisonment in the penitentiary, either absolutely or as an alternative, is a felony; every other offense is a misdemeanor." This statute has been construed by our Court of Criminal Appeals in Campbell v. State, 22 Texas Cr. App., 262, wherein it is held that a person who may be convicted under a statute similar to the one under consideration, no matter what the punishment imposed may be, is guilty of a felony; and this, so far as we are informed, has been the uniform holding of said Court under this statute. See Woods v. State, 26 Texas Crim. App., 490; to the same effect is the ruling in Ward v. White, 86 Texas, 170, opinion by Chief Justice Stayton.

Hence, in the discussion of the question raised by appellant's sixth assignment of error, that the court erred in admitting this record evidence we must take into consideration the fact that the punishment imposed by the judge of $100 did not make the offense of which he was convicted a misdemeanor; because, irrespective of the penalty imposed, the statute under which the conviction was obtained denominates the offense a felony. This being true, we therefore must determine whether or not the record of appellant's conviction for a felony could be put in evidence for the purpose of discrediting his testimony. This is not an open question in this court. In the case of Gulf, Colorado & Santa Fe Railway Co. v. Gibson, 42 Texas Civ. App., 306, 93 S. W., 470 (in which a writ of error was denied by the Supreme Court), in passing upon a similar question we held that the record of conviction, under such circumstances, was admissible for the purpose of discrediting the witness or as a mode of impeachment. Justice Key, in delivering the opinion of the Court, after discussing

the reasons ordinarily given for excluding evidence as to particular discrediting facts, that they tend to a confusion of issues and work a surprise to the party attacked, says: "We prefer to rest our decision upon the broader ground that the judgment of conviction takes the case out of the general rule, which excludes evidence tending to show that the witness has been guilty of a particular offense. The rule referred to is based upon the ground that it would be unfair to the witness to set up charges against him without notice and time to prepare to meet such charges, and because such a course might result in an unnecessary confusion of issues before the jury. But neither of these reasons exist when the discrediting fact is a judicial conviction of crime, because the proof of such conviction is made by documentary and record evidence, and does not operate upon the witness with unfair surprise, nor lead to confusion of issues. And for these reasons it is stated in an eminent text book that 'proof by the record of conviction of crime is universally conceded to be a proper mode of impeachment.'" 1 Greenl. Ev. (16th ed.), sec. 461.

In Wigmore on Evidence, vol. 2, sec. 980, discussing this subject, it is said: "When the extrinsic testimony is in the shape of a record of a judgment of conviction for crime, both the above reasons cease to operate. There is no risk of confusion of issues, first, because the number of acts of misconduct provable in this way is practically small, and next, because the judgment can not be re-opened and no new issues (other than the occasional ones occurring in the process of authentication of the record) are raised thereby; there is no danger of unfair surprise—not, however, because (as is sometimes said) the witness well knows whether he was ever convicted; this assumes the very thing in controversy, namely, that he is guilty, but because the judgment is conclusive and can not be attacked, and therefore the witness could not use his supporting witnesses to prove his innocence, even if he had them in court. It has therefore been universally acknowledged that proof of a crime by *record of a judgment of conviction* may be made, not because an exception is carved out of the rule, but because the reason of the rule does not apply." See also vol. 3, Jones on Evid., secs. 834, 835.

In view of our own decision, supported by the authorities referred to, we are constrained to believe that we were in error in holding that this evidence was improperly admitted; but upon the question first presented, we adhere to the views expressed in our original opinion, for which reason the motion for rehearing is overruled.

*Motion overruled.*