**COOPER GROCERY CO. v. NEBLETT et al.**
**(No. 177–3205.)**

(Commission of Appeals of Texas, Section B.
May 26, 1920.)

1. **Guaranty** ⬅36(5)—**Of indebtedness for merchandise held to include notes for merchandise.**

A written guaranty of any indebtedness for merchandise sold to guarantor's son guarantees the payment of notes given by son for merchandise purchased, which is merely representing the indebtedness in a different form.

2. **Guaranty** ⬅48—**Requiring payment from principal at place different from payment by guarantor does not discharge.**

Where a written guaranty provided for payment of any indebtedness due thereunder at a certain place, the fact that notes taken for indebtedness thereby guaranteed were payable at a different place does not change the obligation of the guarantor so as to relieve him from his guaranty; the provision in the guaranty contract having reference to the ultimate obligation of the guarantor and not to the principal's debt.

3. **Guaranty** ⬅91—**Contemporaneous reduction of guaranteed debt to notes held to show right to take similar notes.**

Where a father guaranteed the payment of indebtedness previously incurred by his son for merchandise and payment for such indebtedness thereafter incurred, the fact that the son on the same day the guaranty was executed gave notes for the indebtedness which was already incurred, requiring payment of interest and attorney's fees, is evidence that future indebtedness might likewise be represented by similar notes without discharging the guarantor.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by the Cooper Grocery Company against Frank Neblett and another. Judgment for defendants was affirmed by Court of Civil Appeals (203 S. W. 365), and plaintiff brings error. Reversed and remanded to trial court, with instructions to render judgment for plaintiff.

W. E. Spell, of Waco, A. P. Young, of Stephenville, and Davis & Cocke, of Waco, for plaintiff in error.

Chandler & Pannill, of Stephenville, for defendants in error.

SADLER, P. J. Frank Neblett was in the grocery business at Stephenville, Tex. He was indebted to the Cooper Grocery Company, of Waco, Tex., for merchandise purchased. On the 19th day of July, 1910, J. W. Neblett executed and delivered to the company a written guaranty, in consideration of the further sale of merchandise to Frank Neblett. He therein guaranteed the payment to the company, unconditionally, of "any indebtedness now existing from Frank Neblett to the said the Cooper Grocery Company" not exceeding $1,000, and "any indebtedness created on this day or hereafter until notice in writing." Consent was given to any extension made or thereafter made; notice thereof waived; protest, notice, and suit waived; and consent to the change of the form of indebtedness from account to note, bill, or other commercial paper. He agreed to pay 10 per cent. interest on the debt guaranteed from date agreed on by purchaser and seller, and 10 per cent. attorney's fees. It was further guaranteed that "said indebtedness shall be paid in Stephenville, Erath county, Tex." On the same day, Frank Neblett furnished the Cooper Grocery Company a statement of his business, and therein in writing agreed that all bills should be payable at Waco with 10 per cent. interest and 10 per cent. attorney's fees.

Thereafter, Frank Neblett becoming largely indebted to the company for goods purchased, the same was placed in notes, providing for 10 per cent. interest, payable annually, and 10 per cent. attorney's fees, payable at Waco, Tex.

Frank Neblett became a bankrupt. Part of the debt of the company was paid through dividends allowed in the bankruptcy. court. Part was paid by amounts realized from collateral deposited with the company by Frank Neblett before bankruptcy.

This suit was filed against Frank and J. W. Neblett to recover the balance due upon the notes. The recovery was sought against Frank as the original debtor on the notes, and against J. W. on his contract of guaranty.

Pending suit, J. W. Neblett died, and the action was revived against his wife as independent executrix.

Frank Neblett was discharged on his plea in bankruptcy, and judgment rendered on trial discharging the estate and independent executrix.

The Court of Civil Appeals sustained the judgment of the trial court. 203 S. W. 365. This judgment of affirmance proceeds upon the theory that, as the form of indebtedness of Frank Neblett was changed from account to notes, payable in Waco, Tex., and providing for 10 per cent. interest, it was such a material change as released the guarantor.

The court says:

"We sustain the findings of fact by the trial judge and his conclusions based thereon that those changes in the contracts of indebtedness which were covered by the contract of guaranty and were without the consent of the guaranty operated as a discharge of the guarantor from liability therefor irrespective of the findings of the jury on other issues."

The court, however, holds that there was no competent evidence on any other issue

against the right of recovery by the company.

It says:

"But for our conclusion that there was a material change in the indebtedness guaranteed which operated to release the guarantor, we would feel it our duty to reverse the judgment of the trial court and here render judgment in favor of the appellant (The Cooper Grocery Company) for the undisputed unpaid balance of its debt against Frank Neblett, as appellant insists should have been done."

### Opinion.

The pleading and evidence disclose that the indebtedness of Frank Neblett existing at the date of delivery and acceptance of the guaranty contract had been paid, and that the amount involved in this action accrued subsequently in the purchase of merchandise upon account.

This account was thereafter reduced to notes payable at Waco, Tex., and this action is for the recovery from the guarantor of the balance due upon such notes.

We are of the opinion that the notes given to the Cooper Grocery Company are comprehended in the terms of the guaranty, and that the change of the account to notes payable in Waco, bearing 10 per cent. interest, is within the terms of the guarantor's ultimate liability.

On its face the guaranty covers two contingencies; one with reference to existing debts of the principal obligor, the other with regard to future indebtedness. The first is eliminated by the facts, having been paid.

It is only necessary, then, to consider the effectiveness of the obligation as to future debts of Frank Neblett.

[1] This promise of the guarantor is not limited. It covers "any indebtedness." If we should be held to the construction that the guaranty comprehended only "any indebtedness" incurred in the purchase of merchandise, this construction would not militate against liability upon the notes. These notes are but evidence of the liquidated amount due upon account, and a continuation of an existing promise to pay same. The guaranty provides for just this contingency. By its terms the guarantor is bound to abide the contract of the purchaser as to agreed rate of interest not to exceed 10 per cent. The guaranty does not limit the liability of the independent promisor to an indebtedness due upon account, but it binds him to pay such indebtedness as lawfully exists at the time of the principal obligor's default arising upon his contract with relation to merchandise purchased. Vogelsang v. Mensing, 1 White & W. Civ. Cas. Ct. App. §§ 1165 and 1166.

[2] Again, there is nothing in the guaranty which seeks to, or has the effect of, fixing a place of payment of the future indebtedness incurred by Frank Neblett to the company. The provision as to place of payment mentioned in the guaranty contract clearly has reference to the ultimate obligation of the guarantor, and not to the principal's debt. The guaranty does not have the effect to restrict the purchaser and seller as to contracts for future obligations, and they were acting within their rights in agreeing upon the locus of payment in the notes. The guarantor is not concerned with the place of payment of Frank Neblett's debt, but the amount of his own liability and the place where he may be called upon to satisfy that demand.

We are of opinion that under the plain terms of the guaranty no change was made in indebtedness effective to relieve the guarantor.

[3] Aside, however, from the guaranty itself, the evidence clearly removes any question of change in the principal's obligation.

On the same day on which the guaranty was made, and evidently contemporaneously therewith, Frank Neblett bound himself in writing to pay any future incurred debt to the company at Waco, Tex., with 10 per cent. interest and 10 per cent. attorney's fees. The guaranty covered such future indebtedness. It could not be created except in virtue of a contract between the company and Frank Neblett. The guaranty contemplated such right in the parties to so contract, and thus left them free to incorporate such terms therein as were lawful. The merchandise bought thereafter came within the terms of Frank Neblett's written promise, and the only additional enlargement of that obligation evidenced by his notes was to manifest a definite agreement as to the amount due upon account, so that it thus became a liquidated demand.

Under either view above discussed, the guarantor is bound to the company for such balance as is lawfully due upon the notes involved in this suit, principal, interest, and attorney's fees. That is the "any indebtedness" of Frank Neblett, and is within the promise of the guarantor.

We have made a very careful examination of the record with a view of rendering judgment for the plaintiff in error. We are unable to ascertain the balance due.

We therefore recommend that the judgments of the Court of Civil Appeals and of the district court be reversed, and that the cause be remanded to the trial court, with instructions to render judgment for the Cooper Grocery Company against Mrs. E. A. Neblett as independent executrix of the estate of J. W. Neblett, deceased, for the balance due upon the notes sued upon, for all costs, and for such other orders as are proper to the enforcement of the judgment.

PHILLIPS, C. J. We approve the judgment recommended in this case.