## BURCHARD v. WOODWARD et ux.
### (No. 9362.)

(Court of Civil Appeals of Texas. Ft. Worth.
June 12, 1920.)

**1. Habeas corpus ⚖113(12)—Erroneous admission of evidence immaterial.**

In a habeas corpus proceeding to obtain the custody of a child, any error in the admission of evidence on the part of one of the defendants was immaterial, where the plaintiff had testified to the same matter.

**2. Witnesses ⚖344, 345(1)—Specific acts not affecting competency of witness in civil case inadmissible; conviction of crime involving moral turpitude may be shown in criminal case.**

While a witness in a criminal case may be impeached by showing that he has been indicted or convicted for an offense involving moral turpitude, yet the rule in civil cases excludes specific acts not affecting the competency. of the witness, even though he has been indicted and convicted of an offense involving moral turpitude.

**3. Habeas corpus ⚖85(1)—Conviction of desertion and bringing suit against mother, charging infidelity, admissible in proceeding to obtain custody of child.**

That a father, who was seeking the custody of a child, had filed a suit for divorce charging the child's mother with infidelity, which was denied, and had been convicted of deserting the said child and mother, was admissible in a suit by the witness for custody of such child, to show an utter want of fatherly tenderness for the child, which he assumed to have by the suit.

**4. Evidence ⚖61—Charge of infidelity on denial of divorce presumed false.**

On a denial. of a divorce sought on the ground of infidelity of the wife, the charge is presumed to have been false, in view of the presumption of the chastity of a woman, in the absence of evidence to the contrary.

**5. Evidence ⚖171 — Prosecution for crime properly shown by parol where not directly in issue.**

In a habeas corpus proceeding to obtain the custody of petitioner's child, proof that plaintiff was prosecuted for desertion was properly permitted by parol, the question being, "There was a criminal prosecution against you for desertion, for deserting this baby and wife, wasn't there?" although the plaintiff went further and testified that he was convicted; the contents of the indictment and judgment not being made an issue directly by the question asked.

**6. Habeas corpus ⚖85(1)—Evidence justified court in awarding custody to grandparents instead of father.**

In a habeas corpus proceeding to obtain the custody and control of a child, evidence *held* to justify the court in awarding the custody of the child to the grandparents instead of the father.

**7. Habeas corpus ⚖99(1)—Parent has paramount right to custody of child.**

Where no reasons are shown why a surviving parent should not have the custody, management, and control of his minor child, such parent is entitled to such control.

Appeal from District Court, Wichita County; Edgar Scurry, Judge.

Habeas corpus by Eugene Burchard against J. C. Woodward and wife. Judgment for defendants, and plaintiff appeals. Affirmed.

Weeks, Morrow, Weeks & Francis, of Wichita Falls, for appellant.

Harvey Harris, of Wichita Falls, for appellees.

BUCK, J. This suit was instituted in the form of a habeas corpus proceeding by Eugene Burchard against J. C. Woodward and wife for the custody and control of a 3 year old daughter of the plaintiff, Elizabeth Thelma Burchard, who is also the granddaughter of the defendants. The court heard the application, evidence was introduced, and he rendered a judgment awarding the custody of the minor to the grandparents, from which judgment Eugene Burchard has appealed.

[1] Appellant's first assignment is directed to the admission of the evidence of Mrs. Woodward that a suit for divorce had been filed by Eugene Burchard against his wife in 1916, in which suit he charged his wife with infidelity, and that 3 years prior to the trial of this case the relator had been fined in the county court of Wichita county for wife desertion. Another assignment is directed to the testimony of Eugene Burchard to the effect that there was a certain criminal prosecution brought against him for deserting his wife and baby, and that he was convicted of said offense. Since the evidence shows that appellant, while a witness, testified that he sued his wife for divorce on the ground that she was not true to him, and that he had been convicted of the offense of wife desertion on September 8, 1916, it will be necessary for us only to decide whether or not this evidence was inadmissible in his testimony, the fact that the mother-in-law testified to some of the same facts would render any error in the admission of Mrs. Woodward's testimony immaterial.

[2-5] While under the rule of evidence in criminal cases, a witness may be impeached by showing that he had been indicted for or convicted of an offense involving moral turpitude (Bruce v. State, 39 Tex. Cr. R..26, 44 S. W. 852; Brittain v. State, 36 Tex. Cr. R. 406, 37 S. W. 758; McCray v. State, 38 Tex. Cr. R. 609, 44 S. W. 170; Malcek v. State, 33 Tex. Cr. R. 14, 24 ·S. W. 417; Morales v. State, 36 Tex. Cr. R. 234, 36 S. W. 435, 846), yet the rule in civil cases excludes specific

---

⚖For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

acts, not affecting the competency of the witness, even though he has been indicted and convicted of an offense involving moral turpitude (Boon v. Weathered, 23 Tex. 675; M., K. & T. Ry. Co. v. Creason, 101 Tex. 335, 107 S. W. 527; G., C. & S. F. Ry. Co. v. Johnson, 83 Tex. 633, 19 S. W. 151). But we believe this evidence was admissible, not as affecting the credibility of the witness, but as affecting his fitness for the custody and control of his child. That one who was seeking such custody had, at the time the child was only a few weeks old, filed a suit for divorce, charging the child's mother with infidelity (which charge is presumed to have been false by the denial of the divorce, and by the presumption of the chastity of a woman, in the absence of evidence to the contrary), and had later been convicted of deserting said child and mother, was admissible testimony in a suit by the witness for custody of such child. Such conduct tended to show an utter want of the fatherly tenderness for the child, which he assumed to have by this suit. We do not think that it was error to establish such facts by the oral testimony of the plaintiff who filed such suit and was fined for said offense. The bill of exception upon which the second assignment was based was to the admission of the question:

"There was a criminal prosecution against you for desertion, for deserting this baby and wife, wasn't there?"

This did not call for the contents of the indictment or of the judgment of conviction. The fact that witness testified that he was convicted of wife desertion becomes immaterial in view of the question to which objection was raised. The contents of the indictment and judgment were not made an issue directly by the question asked. Condict v. Brown, 21 Tex. 422; Smith v. Eckford (Sup.) 18 S. W. 210; Howard v. Britton & Co., 71 Tex. 286, 9 S. W. 73. We conclude the first and second assignments should be overruled.

The third assignment is that the evidence of this case does not support the judgment, inasmuch as the father was shown to be morally and financially competent to assume the custody and control of said child. The plaintiff was shown to be 24 years of age at the time of the trial, and had lived in Wichita Falls since the spring of 1906. He was married August 26, 1915. In 1916 he and his wife had some marital trouble, resulting in his bringing suit for divorce, which was denied. The wife then made a case in the county court against him for desertion, and he was fined $25. On June 28, 1917, plaintiff joined the army. He did not make an allotment for his wife and child, though he testified that he stated to the recruiting officer that he was married, but that he did not know where his wife was. That the matter of his allotment to his wife and child was

taken up with the government by Capt. Mathis, but that he could not locate the wife and child. In 1918, plaintiff went to France, and returned on the 14th day of June of that year. His allotment was made to his mother, Mrs. C. L. Burchard. His wife had died during his absence. On his return to Wichita Falls, he became employed as a driver of a truck, and was receiving $100 per month at the time of the trial. He was living with his mother, and a married sister also lived with them. J. C. Woodward and family had moved from Wichita Falls to McKinney prior to the separation of Burchard and wife, and later moved to Denison, where he was employed as editor of a paper. Upon the separation, Mr. and Mrs. Woodward sent for their daughter and granddaughter and took care of them until the death of the mother, and after her death took care of the little girl. The evidence showed that plaintiff had given the little girl only $5 since she was six weeks old. At the time he left his wife she was in destitute circumstances, and while plaintiff testified that Capt. Mathis, presumably his captain, tried to locate her for the purpose of making the allotment, yet it would appear that by writing to some of the intimate friends of the Woodwards at Wichita Falls information as to their then whereabouts could have been elicited. Evidence further showed that during the time his wife was pregnant Burchard told her that he wanted to get rid of her, and that he was going to marry another woman; that before the child was born he ordered his mother-in-law off the place, and would not allow her to stay with her daughter during her confinement; that he stated in the presence of his mother-in-law that when he died that his insurance would go to his mother, and that his wife would not get any of his money.

[6, 7] Such testimony, we think, justified the trial court in rendering judgment for respondents. Such judgment did not preclude the applicant from visiting the child at proper times, and we think that he should be allowed to do so, and that, if necessary, the trial court should make an order to that effect. But the paramount consideration controlling the trial court is the best interest of the child. It is true that where no reasons are shown why a surviving parent should not have the custody, management, and control of his minor child, such parent is entitled to such control. Legate v. Legate, 87 Tex. 248, 28 S. W. 281; Carter v. Lambert, 214 S. W. 566; Hall v. Whipple, 145 S. W. 308; Ex parte Sams, 161 S. W. 388. The discretion vested in the trial court is not an arbitrary one; but, in the absence of any positive disqualification of the father for the proper discharge of his parental duties, it has been held that the father has a paramount right to the custody of his child, which no court has the right to disregard. Wood v. Deaton,

93 Tex. 243, 54 S. W. 901. But we think that the evidence in this case tended strongly to show that the best interest of the child would be subserved by allowing it to remain with the grandparents, who have tenderly cared for it since it was a small infant. It was a delicate question for the trial court to decide, yet we conclude that we cannot disturb the disposition made of the case by such court. We would urge that the father cultivate kindly relations with the grandparents and assist in supporting the child during its infancy, and, if such course is followed, we feel sure that the grandparents will teach the little girl to love her father, and that in the future differences here, existing will be adjusted to the best interest of all concerned.

The judgment of the trial court is in all things affirmed.