HUNTER v. SUTTON et al.   (No. 3327.)

Court of Civil Appeals of Texas.   Texarkana.
Feb. 9, 1927.

Rehearing Denied Feb. 17, 1927.

Witnesses ⬅345(2)—Asking proponent of alleged forged will concerning imprisonment on burglary charge, on cross-examination, held improper impeachment.

Question in cross-examination before a jury, on the issue of forgery to proponent of holographic will, whether he had been in jail, on charge of burglary was improper method of impeachment, and, where witness admitted having been in jail and made timely objection, error was reversible.

Error from District Court, Bowie County; R. J. Williams, Judge.

Application by Bennie Hunter for the probate of the will of Allie Sutton, deceased. Judgment in favor of the contestants, Josie Sutton and others, denying the probate, and proponent brings error. Reversed and remanded.

J. D. Cook and J. D. Cook, Jr., both of Texarkana, Ark., and Rodgers & Rodgers, of Texarkana, Tex., for plaintiff in error.

King, Mahaffey & Wheeler, of Texarkana, Tex., and Geo. W. Johnson, of New Boston, for defendants in error.

HODGES, J.  In July, 1925, Bennie Hunter, plaintiff in error, filed an application to probate the following letters as the holographic will of Allie Sutton:

"Jan. 5, 1919.  Texarkana, Texas.

"Mr. Bennie Hunter, Dearest Coson: will write you a Short letter to-night we got your letter last eave & I shure was so glad to hear from you. But shure hope you will get to come Home Sooner Than you expect to. I know you will Be glad to get Back. I dont see verry many of Boys Back from France But there is Some come back.

"Say Bennie I have got something to tell you Now I am going to make out My death Will & I am goying to make every Thing to you I have. I have Some Money in the Texarkana Bank & 5 Diamind rings & ear Screws Diamond & Loverlear Diamond. Well I have lots other Diamonds & if anything Should happen I want you to get every thing dont let eny of my pepple Bull you out off any thing. I will explain if I ever see you & My Diamons & Everything Sell them. you can get a good Price fore Them & Take every thing I have & Just Spend the money on your Self. I have a Box in the Bank. The number is 44. There will be Some thing in it. Well Dear I sent your xmas Box & Shure hope you got it ok. You must write & say. you keep This letter. You may Need it. Now Bennie My last word is to Take every thing I have Sell & Take The Money fore your self from your loving Coson. Miss Allie Sutton 306½ West Broad St."

"Texarkana, Texas.

"Mr. Bennie Hunter.  My Dear Coson—Your letter to Hand last eave and I shure was So glad to hear from you But Dear Sorry to know you was not well Hope you feeling fine. Well Dear I was so in hopes you would come Home Soon Say what do you think Buster has Come Home. He Come Home Jan. 30 arrived in New York Jan. 10. Cora Just left Spent about 10 days with us. Bennie I sent you one of my Pictures in your Xmas Box & a whet Rock a Small one, did you get it. You didn't say any Thing about it. I got the 20.00 dollars you sent me & I have got it Safe in the Bank fore you & I will see about Your Bonds. I got the Pictures you Sent me will take good care of Them fore you Say Bennie I am sending you a letter I wrote Sometime ago & thought I had Mailed it to you Bennie I got every Thing I have Wiled to you Now if Some thing happens to me I want you to Fite to The last & get every thing I got I want you to do this if I ever see you will tell you every Thing. I want you to have My Diamonds & money everything. I will Send you list of every thing I have & will Put one in my box at The Bank. Well Dear you must write Soon. Hoping to see you Soon Your loving Coson. Allie Sutton, 206½ West Broad St., Texarkana, Texas."

The application was contested by the defendants in error, who are the heirs of Allie Sutton. The grounds of the contest were (1) that the letters were not in the handwriting of Allie Sutton, and (2) were not sufficient to constitute a will. In response to a special issue submitted in the trial court the jury found that the letters were not in the handwriting of Allie Sutton, and a judgment was entered denying the application to probate.

The testimony upon that issue was conflicting. Several witnesses, who claimed to be acquainted with the handwriting of Allie Sutton, testified that the body of the letters, as well as the signature, was in her handwriting. Other witnesses testified to the contrary. Among those who testified upon that issue was the plaintiff in error, Bennie Hunter. On cross-examination, he was asked if he had not been confined in the county jail on a charge of burglary. He admitted that he had been in jail about three months, but stated that he did not know what the charge was. That testimony was objected to upon the ground that it was not a proper method of impeaching the witness. We think the objection was well founded and should have been sustained. M., K. & T. R. Co. v. Creason, 101 Tex. 335, 107 S. W. 527.

In support of the court's ruling the defendants in error contend that they did not make that inquiry for the purpose of impeachment, but as explanatory of other testimony, given by Hunter on his direct examination, as to where he had lived during the last few years. He had testified that he had lived with different people in and about Texarkana. We are of the opinion that the testimony was subject to the objection. The facts elicited were of

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

no importance except to discredit the testimony of Hunter. There was a sharp conflict of the evidence upon the controlling issue, and the defendants in error had offered testimony tending to show that the letters relied on had been forged by Hunter.

There are other assignments complaining of the admission and rejection of testimony. These, we think, are without merit. But for the reason stated above the judgment will be reversed and the cause remanded for a new trial.