**KENNEDY v. INTERNATIONAL–GREAT NORTHERN R. CO. (No. 1023–4919.)**

Commission of Appeals of Texas, Section A. Jan. 11, 1928.

**1. Witnesses ⟨key⟩345(4)—Mere criminal charge is without evidentiary force respecting witness' character or credibility.**

A charge of crime, though formally made by indictment, is without evidentiary force in respect to witness' character or credibility, but a trial of some kind thereon and resultant establishment of its truth is condition precedent to its proof of conduct charged.

**2. Witnesses ⟨key⟩342—Reputation evidence is admissible to affect witness' credibility; being confined to reputation as to veracity and general community estimate.**

Evidence of witness' reputation, though including many vices of evidence of criminal charges against him, plus those of pure deduction, without disclosure of bases and hearsay, is admissible to affect witness' credibility; being confined to reputation as to veracity and to general community estimate.

**3. Witnesses ⟨key⟩345(2)—Evidence of plaintiff's conviction of felony theft held admissible to impeach his credibility as witness.**

Evidence of plaintiff's conviction of felony theft on plea of guilty *held* admissible to impeach his credibility as witness; such offense involving moral turpitude.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by James Kennedy, by his next friend, against the International-Great Northern Railroad Company. A judgment for plaintiff was reversed and the cause remanded for a new trial by the Court of Civil Appeals (296 S. W. 330), and plaintiff brings error. Affirmed.

J. D. Pickett, of Palestine, for plaintiff in error.

Morris, Sewell & Morris, of Houston, for defendant in error.

NICKELS, J. On special issues the jury found negligence against the railroad company and due care by Kennedy. Each side of each issue had support in the evidence, and the testimony of Kennedy (given at his instance) directly supported the charge against the company and refuted the charge against himself.

June 19, 1925, in due form and manner, Kennedy entered a plea of guilty to a charge of felony theft regularly made in the district court of Bexar county, and his "punishment" was assessed at three years' imprisonment at the penitentiary. He requested and secured "suspended sentence." After his testimony had been given in the present case, duly authenticated copy of the judgment in the criminal case was proffered by the company; upon objection, the evidence was excluded. The objections as made and sustained were:

"Same was irrelevant and immaterial and highly prejudicial to plaintiff, * * * was incompetent and * * * not the proper method of attacking the veracity of the witness."

For error in that action, the judgment allowed Kennedy was reversed, and the cause was remanded by the honorable Court of Civil Appeals, Sixth District, 296 S. W. 330.

Writ of error was allowed upon asserted conflict in that ruling, upon the one hand, and those made in M., K. & T. Ry. Co. v. Creason, 101 Tex. 335, 107 S. W. 527; M., K. & T. Ry. Co. v. De Bord, Third District (writ denied) 21 Tex. Civ. App. 691, 53 S. W. 587; and Cooper Grocery Co. v. Neblett (Tex. Civ. App. Second District) 203 S. W. 365 (reversed on other points [Tex. Com. App.] 221 S. W. 963), on the other hand. Other cases cited against the ruling of the Court of Civil Appeals here are Boon v. Weathered, 23 Tex. 675; Ayres v. Duprey, 27 Tex. 594, 86 Am. Dec. 657; Johnson v. Brown, 51 Tex. 65; Kennedy v. Upshaw, 66 Tex. 442, 1 S. W. 308; G., C. & S. F. Ry. Co. v. Johnson, 83 Tex. 633, 19 S. W. 151; Abilene & S. Ry. Co. v. Burleson (Tex. Civ. App.) 157 S. W. 1177; Simonds v. State, 76 Tex. Cr. R. 487, 175 S. W. 1064; Burchard v. Woodward (Tex. Civ. App.) 223 S. W. 707; Automobile Ins. Co. v. Buie (Tex. Civ. App.) 252 S. W. 295; and Hazard v. Western, etc., Ass'n, 54 Tex. Civ. App. 110, 116 S. W. 625.

[1] A person is subject to accusation. The charge may be well laid in fact or its source may be a heart gangrened with malice. It may exhibit falsity as easily as truth. This obviously is true whether the accusation wears the formality of indictment or be paraded in the nudity of tale-making or talebearing. In respect to character in general or those traits which make up credibility, it is without evidentiary force. The conduct charged might well have that force of which the charge itself is devoid. But, as is manifest, a trial of some kind on the charge and resultant establishment of its truth is a condition precedent to its proof of conduct. Hence, if mere accusations were allowed to be given in evidence for the purpose of affecting credibility of the witness (testifying to a fact directly in issue), the court would be led into the trial of collateral issues of infinite variety and incalculable mass. The logical objection to accusations as evidence of noncredibility, etc., is not that the conduct charged is irrelevant. It is, first, that there might never come an end to a trial of the case itself; second, that the examination into collateral issues would likely confuse rather than clarify those directly involved; and, third, the injustice of requiring a party to a suit or a witness to be prepared at all times to defend against charges of which perhaps

he had never before heard. 2. Wigmore on Evidence, 980.

[2] Reputation evidence, upon analysis, will be found to include many of the vices just described with the added ones of pure deduction (without disclosure of the bases therefor) and hearsay. Greenlaw v. Dilworth (Tex. Com. App.) 299 S. W. 875. Yet the permissible ranges of that kind of testimony oppose some obstacles to activity of its inherent dangers. The inquiry, e. g., is confined to reputation about veracity, contradistinguished from character in general (Kennedy v. Upshaw, supra), and to the general community estimate as a fact as distinguished from the varying estimates that might appear in proof of specific acts or words (Boon v. Weathered; Ayres v. Duprey, supra).

But charges whose truth have already been established or are presently admitted obviously have import and character wholly alien to mere accusations; e. g., admission of lewdness by a female witness is "relevant," within the rules, to her credibility. Ingersol v. McWillie, 87 Tex. 648, 30 S. W. 869. The ruling just cited is mentioned, with apparent approval, in M., K. & T. Ry. Co. v. Creason, supra, as immediate context for the statement that "the fact that * * * Apple, had been *indicted* for arson was not relevant to the issue of his credibility"; and this illustrates the nonapplicability of the latter case, and others like it cited above, as authority against competency of proof of conviction, for Judge Brown was speaking of accusations as differentiable from charges whose truth was admitted or had been otherwise established.

Hazard v. Western, etc., Ass'n, supra, and Abilene & S. Ry. Co. v. Burleson, supra, so far as relevant, involved mere accusations (i. e. indictments) of "criminal conspiracy" (the subject of conspiracy being undisclosed), in the first case, and misdemeanors, in the second. Simonds v. State, supra, had to do alone with competency of a witness who had been convicted and given suspended sentence. In M., K. & T. Ry. Co. v. De Bord, supra, a main consideration, in that branch of the case supposed to be in point here, was competency of the witness notwithstanding conviction of a felony, of undisclosed nature, in the federal court, and a secondary one involved relevancy of the conviction to credibility; judgment was reversed and rendered on other points for the party complaining, and writ of error was refused. In Cooper Gro. Co. v. Neblett, supra, the court considered whether the conviction in question was in respect to "an infamous crime," so as to affect competency of the witness, and ruled that the crime was not of that nature, and, in that connection, remarked that, "as the witness was not incompetent, his former conviction was not admissible to impeach his testimony"; the witness, however, was ruled incompetent, and his testimony disregarded, in virtue of article 3690,

R. S. 1911. On writ of error the judgment of the Court of Civil Appeals was reversed, and the cause remanded (Tex. Com. App.) 221 S. W. 963. Burchard v. Woodward, supra, is a case wherein the Court of Civil Appeals held that showing the fact of conviction of a misdemeanor ("wife desertion") was improper for impeachment purposes, but that the same evidence was proper on the issue of his "fitness for the custody and control of his child." There was a remand of the cause in Automobile Ins. Co. v. Buie, supra; this action notwithstanding, the court discussed briefly the admissibility of evidence showing a conviction of the "offense of counterfeiting," and expressed belief that the rule in Texas, contrary to that in other jurisdictions, is that "proof of the prior conviction of a witness for a felony" is not "admissible to impeach such witness in civil cases."

Various errors were found in G., C. & S. F. Ry. Co. v. Johnson, supra, and a remand of the cause followed. One of them was in requiring a witness to answer "that he was a deserter from the United States Army," and it was said that "the testimony was wholly irrelevant to any issue in the case." On that point Boon v. Weathered, supra, Weir v. McGee, 25 Tex. Supp. 20, and Johnson v. Brown, supra, were cited. The opinion was by the Commission of Appeals, but was "adopted."

In Weir v. McGee, supra, prior statements by a witness were sought to be proved in contradiction of testimony given by deposition at the trial. And it was held that the fact that the witness was not present in court so as to be given opportunity to explain the former statement, if he made it, or to contradict the witness who would have said he made it "was a sufficient reason to exclude the evidence offered to impeach" his credit.

In Boon v. Weathered, supra, rules for impeachment by way of reputation evidence were considered, with result of announcement of the general principle that the inquiry should be confined to the particular trait basically involved (see page 684), particularly "veracity" as carved out of "general character." In respect to the matter now under consideration, Ayres v. Duprey adds nothing whatever beyond the holding in Boon v. Weathered. In Johnson v. Brown, supra, efforts at impeachment by showing "reputation" "based * * * upon a certain cotton transaction" between the impeaching witness and the one sought to be impeached and by showing "reputation * * * based * * * upon public opinion growing out of the particular transaction then on trial before the court" were condemned.

We have thus reviewed the cases for the purpose of showing that in no instance has the Supreme Court decided that proof of conviction of a felony, or even proof of conviction of a misdemeanor, is irrelevant or otherwise inadmissible for purposes of impeach-

ment. What was said by the Courts of Civil Appeals in the cases cited to that end was in most part obiter and in remainder a consequence we think of failing to observe the vital distinctions between mere accusations and conduct itself as already established or admitted. In none of the cases in the Courts of Civil Appeals, was the Supreme Court called upon directly (or indirectly through action upon petitions in error) to review those rulings.

But in G., C. & S. F. Ry. Co. v. Gibson, 42 Tex. Civ. App. 306, 93 S. W. 469, a judgment was affirmed as against the objection, inter alia, that proof of conviction of a felony had been erroneously admitted to impeach a material witness for the appellant. It was definitely ruled that the evidence was proper, and the ruling was essential to affirmance of the judgment. Denial of petition for writ of error by the Supreme Court, it seems to us, amounted to approval of the holding. A like ruling was made by the same Court of Civil Appeals in Huff v. McMichael, 60 Tex. Civ. App. 379, 127 S. W. 574.

[3] In the present case the conviction was for a felony involving moral turpitude and upon a plea of guilty. We neither express nor imply an opinion about convictions of offenses of other kinds or about a conviction otherwise secured, but, upon principle and authority, we believe this evidence was improperly excluded. G., C. & S. F. Ry. Co. v. Gibson, supra; Huff v. McMichael, supra; 28 R. C. L. 624; 40 Cyc. 2606; 1 Greenleaf on Evidence (16th Ed.) 461; Wigmore on Evidence, § 980; Jones on Evidence, 834, 835.

Accordingly, we recommend affirmance of the judgment of the Court of Civil Appeals.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.