GULF, COLORADO & SANTA FE RAILWAY COMPANY v. H. E. GIBSON.

Decided March 14, 1906.

**1.—Discovered Peril—Boy on Engine.**

Evidence that plaintiff, a boy of sixteen, got on the rear of the tender of an engine engaged in switching, and being discovered there was ordered by the engineer to get off while it was in motion, and in trying to do so fell and was run over, held to support a submission of the issue of negligence after discovery of plaintiff's peril and a recovery on that ground.

**2.—Same—Contributory Negligence.**

Prior contributory negligence of plaintiff in getting into a dangerous position on an engine, as a trespasser, is no defense to an action for injuries received by subsequent negligence of the engineer in ordering him to get off while the engine was moving; but defendant can not complain of the submission of contributory negligence on the ground that such issue was not involved.

**3.—Impeachment of Witness—Conviction of Crime.**

The fact that a witness has been convicted of a felony and confined in the penitentiary may be shown in impeachment of his credibility, though his right to testify has been restored by pardon.

**4.—Evidence—Statements to Counsel.**

An account of circumstances attending his injury, given by plaintiff to a lawyer not yet employed by him, but with a view to the lawyer determining whether plaintiff had a case which he would undertake, is a privileged communication which is protected from disclosure; and this is true, though plaintiff denied that he made any statement to such lawyer.

**5.—Misconduct of Jury.**

Where counsel for defendant was informed, during the trial, of facts alleged to constitute misconduct by the jury, and took no action thereon till after verdict was returned, he can not obtain a new trial on that ground.

**6.—Jurisdiction—Action Originating in Another State.**

A railway company can be sued in Texas though the cause of action for personal injury originated and the plaintiff resides beyond the State.

Error from the District Court of McLennan County. Tried below before Hon. Sam. R. Scott.

*J. W. Terry* and *A. H. Culwell,* for plaintiff in error.—Discovered peril carries with it the idea of imminent danger, and the employes of the railway company owed to the plaintiff no duty until he was found to be in imminent peril. Missouri, K. & T. Ry. Co. v. Haltom, 95 Texas, 112; Ft. Worth & D. C. Ry. Co. v. Shetter, 94 Texas, 199; Texas & P. Ry. Co. v. Breadow, 90 Texas, 26; Texas & P. Ry. Co. v. Ball, 96 Texas, 624; Texas & P. Ry. Co. v. Staggs, 90 Texas, 460; Missouri, K. & T. Ry. Co. v. Eyer, 96 Texas, 72; Cockrell v. Texas & N. O. Ry., 11 Texas Ct. Rep., 45; Mexican Nat. Ry. Co. v. Crum, 6 Texas Civ. App., 709; Houston & T. C. Ry. Co. v. Moore, 49 Texas, 31.

A trespasser on the footboard of a moving locomotive is guilty of negligence continuing and coexisting with each instant of his presence thereon, and such negligence is deemed to concur with any act of mere negligence on the defendant's part as proximate cause of those injuries which would not have occurred but for his occupying such position. House v. Blum, 56 S. W. Rep., 83.

The railway company owed to Gibson no duty other than not to wilfully injure him, or to do an overt act of negligence, which might be expected to result in such injury. Wilcox v. San Antonio & A. P. Ry. Co., 11 Texas Civ. App., 489; Cockrell v. Texas & N. O. Ry., 11 Texas Ct. Rep., 45; Texas & P. Ry. Co. v. Boyd, 6 Texas Civ. App., 205; Houston & T. C. Ry. v. Clemmons, 55 Texas, 88; St. Louis S. W. Ry. v. Rice, 9 Texas Civ. App., 509; Rucker v. Missouri P. Ry. Co., 61 Texas, 491; Andrews v. Ft. Worth & D. C. Ry. Co., 25 S. W. Rep., 1040; Galveston, H. & S. A. Ry. Co. v. Zantzinger, 92 Texas, 370; Missouri, K. & T. Ry. Co. v. Rodgers, 89 Texas, 680; Claiborne v. Missouri, K. & T. Ry., 21 Texas Civ. App., 651; International & G. N. Ry. v. Wear, 77 S. W. Rep., 272.

If the issue of contributory negligence was involved in this case, yet it was erroneous to charge that the burden to show the same by preponderance of the evidence was on the defendant, for the reason that the issue was raised by the plaintiff's testimony. Texas & P. Ry. Co. v. Reed, 88 Texas, 447; Gulf, C. & S. F. Ry. v. Hill, 95 Texas, 629.

It having been made to appear in advance that Fred Lambka was a competent witness, it was not proper to permit the plaintiff to prove that he had been confined in the penitentiary, for the purposes of impeachment. Crawleigh v. Galveston, H. & S. A. Ry., 67 S. W. Rep., 142; Gulf, C. & S. F. v. Johnson, 83 Texas, 633; Pennsylvania Fire Ins. Co. v. Faires, 13 Texas Civ. App., 113; Boon v. Weathered, 23 Texas, 675; Weir v. McGee, 25 Texas, 21; Dillingham v. Ellis, 86 Texas, 449.

The plaintiff himself having testified that he never had any conversation with Judge Potter, and never consulted him as an attorney, then any statement made to the attorney would not be a privileged com-

munication. It takes two people to create the relationship· of client and attorney. Hill v. Dons, 37 S. W. Rep., 638; Herring v. Patten, 18 Texas Civ. App., 150; Landa v. Obert, 5 Texas Civ. App., 628; Howard v. Commonwealth, 61 S. W. Rep., 759; Pennsylvania Co. v. Bray, 125 Ind., 229; Cockrill v. Hall, 76 Calif., 192; 1 Greenl. Ev., sec. 461.

The cause of action sounding purely in tort and having occurred in the Indian Territory, where at the time the plaintiff and his father then resided and continuously have since resided, the trial court abused his discretion in permitting the further prosecution of this suit in that court, which abuse should be revised on appeal. Mexican National Railway Co. v. Jackson, 89 Texas, 107; Gardner v. Thomas, 14 Johns., 134; Johnson v. Dalton, 1 Cow., 543; Great Western Ry. v. Miller, 19 Mich., 315; Smith v. Mutual Life Ins. Co. of N. Y., 14 Allen, 336.

*W. B. Carrington* and *Eugene Williams,* for defendant in error.—The pleadings of plaintiff in error alleged that the boy's position was dangerous and the evidence on the trial clearly raised the issue of discovered peril. Gulf, C. & S. F.· Ry. v. Langford, 9 Texas Civ. App., 598; Missouri P. Ry. v. Weisen, 65 Texas, 446; Houston & T. C. Ry. v. Sympkins, 54 Texas, 621; Texas & P. Ry. v. Lowry, 61 Texas, 149; Texas & P. Ry. v. Robinson, 4 Texas Civ. App., 126.

The jury having found the boy's injury·did not result from his own contributory negligence after such danger arose his original contributory negligence would not prevent his recovery. St. Louis S. W. Ry. v. Bolton, 81 S. W. Rep., 124; Missouri, K. & T. Ry. v. Stone, 23 Texas Civ. App., 111; Sanchez v. San Antonio & A. P. Ry., 88 Texas, 117.

It is competent to prove in a civil case by a judgment conviction and sentence or by an undisputed agreement of counsel that a witness has been convicted, sentenced and confined in the penitentiary for an infamous offense. Houston & T. C. v. Bulger, 80 S. W. Rep., 557; Ingersoll v. McWillie, 9 Texas Civ. App., 555; Bennett v. State, 24 Texas Cr., 79; 1 Greenleaf Ev. (Wigmore's ed.), sec. 461b, p. 578, 461b, last paragraph, p. 578.

Judge Potter should not have been forced to answer what the boy told him in confidence, while advising with him as an attorney, the communication being privileged. Slaven v. Wheeler, 58 Texas, 25, 26; McIntosh v. Moore, 53 S. W. Rep.,· 613; 1 Gr. Ev. (16 ed.), 374, 375.

The District Court of McLennan County had jurisdiction of the defendant railway company created by the laws of Texas and of the cause of action asserted in this case, and rightfully exercised and retained such jurisdiction. Acts Leg. Texas, 1901, p. 31, Sayles Sup., p. 141; Southern Pac. Ry. Co. v. Graham, 12 Texas Civ. App., 568; Mexican Central Ry. v. Mitten, 13 Texas Civ. App., 658; Atchison, T. & S. F. v. Keller, 76 S. W. Rep., 804; Western U. Tel. Co. v. Clark, 14 Texas Civ. App., 565; Western U. Tel. Co. v. Phillips, 2 Texas Civ. App., 616; Western U. Tel. Co. v. Shaw, 77 S. W. Rep., 433; Missouri, K. & T. Ry. Co. v. Kellerman, 87 S. W. Rep., 401; Missouri, K. & T. v. Godair Com. Co., 87 S. W. Rep., 871; St. Louis & S. F. v. Smith, 79 S. W. Rep., 340.

KEY, Associate Justice.—On the 21st day of December, 1896, H. E. Gibson, a boy about sixteen years of age, went from his home in the country to the town of Ardmore, in the Indian Territory. According to his testimony, he had never ridden on a railroad, but had seen them before. Having some idle time to be disposed of, he went to the track of the Gulf, Colorado & Santa Fe Railway Company, and, while standing near the same, an engine stopped opposite him and he mounted it, stepping upon what he supposed was the footboard, and started to walk across to the other side, when the engine commenced moving backward. When he reached the other side, he leaned around the corner and the engineer saw him and ordered him off, the language of the witness being, "The engineer saw me and hollered for me to get off." The boy testified that he did not get off at once, because he could not do so without alighting upon a parallel track; that he turned and went back to the other side, was preparing to jump, caught hold of something and fell. The engine passed over his lower limbs, maiming him for life. Shortly after the accident physicians amputated both of his feet. Several months afterwards, and on account of the injury referred to, both legs were again amputated, the physicians finding it necessary to remove more of each than was done by the first operation.

On September 8, 1903, this suit was brought to recover damages on account of the injuries referred to. Several acts of negligence were charged in the petition, but the charge of the court eliminated every question, except discovered peril and contributory negligence.

The defendant filed a plea to the jurisdiction of the court, and answered by general and special exceptions, general denial and plea of contributory negligence. There was a jury trial, resulting in a verdict and judgment for the plaintiff for $17,590, and the defendant has brought the case to this court by writ of error.

In writing this opinion, the parties will be designated as they were in the court below, Gibson being the plaintiff and the railway company the defendant.

Under several assignments of error it is contended that the testimony did not raise the issue of discovered peril, and that the court committed error in submitting that issue to the jury, and in not directing a verdict for the defendant, and in overruling the motion for a new trial. There was testimony tending to show that the engine in question had no footboard on the rear of the tender, where the plaintiff said he got on, and that what he called the footboard was, in fact, the brake beam; and two of defendant's engineers testified that it would have been impossible for a boy 15 or 16 years old, without experience in riding engines, to have stood for any length of time on the brake beam while the engine was running. And one of them stated that the position which the plaintiff stated he occupied on the engine was a dangerous place. The fireman on the engine testified that if he had known the boy was on the rear of the tender, he would have had the engineer stop the engine and let the boy off; that stopping the engine would have been the proper thing to do under the circumstances. And the engineer who drove the engine and denied seeing the boy, testified that if he had known he was there, he would have stopped and put him off. This testimony, in connection with the evidence of the plaintiff, to the effect

that the engineer saw him and told him to get off, not only presented the question of discovered peril, but supports the verdict of the jury in favor of the plaintiff on that issue. (Railway Co. v. Langford, 29 S. W. Rep., 935; Railway Co. v. Stone, 56 S. W. Rep., 933; Railway Co. v. Bolton, 81 S. W. Rep., 123, and cases there cited.)

Under other assignments it is contended that the court should not have submitted to the jury the issue of contributory negligence on the part of the plaintiff, and should not have charged that the burden of proof rested upon the defendant upon that issue. As a general rule, when a plaintiff seeks to recover solely upon the doctrine of discovered peril, contributory negligence is not available as a defense; but in this case the charge of the court gave the defendant the benefit of that defense, and the court also gave a special instruction, requested by the defendant, submitting that issue to the jury. It is not contended that the court's charge was not properly framed, and we do not think the defendant has any right to complain because that issue was submitted to the jury in the manner that it was.

The verdict of the jury involves a finding that the plaintiff was not guilty of contributory negligence, after he was ordered to get off the engine, and we are not prepared to hold that such finding is not sustained by testimony. In fact, in all the respects in which the verdict is assailed, we find testimony in the record which supports it. The plaintiff's negligence in getting on the engine would not cut off his right to recover if the engineer discovered him in a perilous position and failed to use all available means to prevent the disaster.

The court's charge and the refusal of several requested instructions are made the subject of complaint under several assignments of error. Besides presenting the law very favorably to the defendant in the main charge, the court gave several requested instructions, all of which stated the law very favorably in favor of the defendant; and therefore we overrule all assignments complaining of the action of the court in the particulars referred to.

While the defendant was introducing its testimony, it requested the court to have the jury retired and the admissibility of certain testimony determined in the absence of the jury. The jury was removed from the courtroom, whereupon the defendant stated that it desired to offer Fred Lambka as a witness, he being the engineer who was in charge of the engine at the time of the accident in question; that the witness had been confined in the penitentiary, but had been pardoned by the Governor, and his citizenship fully restored, and the court was requested to rule that the plaintiff had no right to present or elicit any testimony tending to show that the witness had been convicted of an offense and confined in the penitentiary. This ruling the court declined to make, and the witness was then placed upon the stand to testify before the jury; whereupon the plaintiff objected to his testimony, and in support of his objection offered in evidence an agreement signed by the parties to the effect that the witness had been in the penitentiary, and also a copy of the judgment of conviction and sentence, showing that the witness had been convicted of a felony in one of the District Courts of this State. The defendant then submitted to the court the pardon, and the court held that the witness was competent to testify,

but permitted the evidence of his conviction to go before the jury. The defendant objected to that evidence as not admissible for the purpose of impeaching the witness, and that contention is urged in this court. On cross examination the witness stated that three or four days before he was pardoned, he entered into an agreement to appear and testify in this case; and counsel for the plaintiff contends that that testimony tends to show the bias of the witness in favor of the defendant, and that the testimony complained of was admissible for that purpose. There may be something in this contention, but we prefer to rest our decision upon the broader ground that the judgment of conviction takes the case out of the general rule, which excludes evidence tending to show that the witness has been guilty of a particular offense. The rule referred to is based upon the ground that it would be unfair to the witness to set up charges against him without notice and time to prepare to meet such charges; and because such a course might result in an unnecessary confusion of issues before the jury. But neither of these reasons exist when the discrediting fact is a judicial conviction of crime, because the proof of such conviction is made by documentary and record evidence, and does not operate upon the witness with unfair surprises, nor lead to confusion of issues. And, for these reasons, it is stated in an eminent text book that "proof by the record of conviction of crime is universally conceded to be a proper mode of impeachment." (1 Greenl. Ev., 16th ed., sec. 461.)

Complaint is urged against the action of the court in overruling the motion asking that the witness C. C. Potter be required to answer certain questions propounded to him. The witness is an attorney at law, and testified that a boy who had lost both of his feet in a railroad accident at Ardmore, Indian Territory, together with his father, came to his office in that town and consulted him in reference to bringing a suit against the defendant to recover damages on account of such injuries. The witness declined to state what the boy said to him, upon the ground that he was consulted as an attorney, and that the statement was privileged. The defendant contends that as the plaintiff testified that he never consulted Judge Potter, nor had any conversation with him, any statement that he may have made to him was not privileged; or if it ever was privileged, that it ceased so to be after the plaintiff had denied the existence of the relationship. No authority is cited in support of either of these contentions, and it is not believed that they are tenable. Besides, Judge Potter did not identify the plaintiff as the person who made the statement to him, other than by the circumstance that the boy who consulted him claimed to have lost both of his feet in a railroad accident in Ardmore, Indian Territory.

Nor did the trial court err in refusing to set aside the verdict upon the ground of the alleged misconduct of the jury. The plaintiff submitted the testimony of the jurors referred to, controverting the charge against them and fully acquitting themselves of any misconduct; and it was also shown that one of the attorneys for the defendant was apprised of the alleged misconduct before the case was submitted to the jury, and the question was not raised until after the jury had decided the case.

We also hold that no error was committed in overruling the defend-

ant's plea to the jurisdiction of the court below. The defendant's contention is that as the cause of action arose in the Indian Territory, where the plaintiff and his father then resided and are now residing, and where the defendant was then and is now operating a line of railroad, the plaintiff should not be permitted to litigate his cause of action in the courts of this State, although he brought his suit in a county through which the defendant's railroad is operated. The case of Mexican National Ry. Co. v. Jackson, 89 Texas, 107, is not analogous to this case. In that case it was shown that the laws of Mexico, where the cause of action arose, were essentially different from those of Texas. No such proof was made in this case. The ruling of the trial court is supported by Railway Company v. Keller, 76 S. W. Rep., 804; Railway Company v. Kellerman, 87 S. W. Rep., 401, and Railway Company v. Godair, 87 S. W. Rep., 871. In the Keller case the Supreme Court refused a writ of error.

This opinion has not dealt with some minor questions that are presented in the elaborate brief which has been filed on behalf of the railway company. Every question in the case has received careful consideration, but the conclusion is that no reversible error has been shown, and therefore the judgment is affirmed.

*Affirmed.*

Writ of error refused.