## INTERNATIONAL–GREAT NORTHERN R. CO. v. KENNEDY. (No. 3391.)

Court of Civil Appeals of Texas. Texarkana. May 19, 1927.

Rehearing Denied May 26, 1927.

Witnesses ⬤⟲359—Excluding certified copy of judgment showing witness' conviction of theft and sentence in penitentiary held error.

In action for injuries in which plaintiff testified in his own behalf, excluding certified copy of judgment convicting plaintiff of theft and assessing punishment at confinement in penitentiary *held* error requiring reversal.

Appeal from District Court, Anderson County; Ben F. Dent, Judge.

Action by James Kennedy, by next friend, against the International-Great Northern Railroad Company. Judgment for plaintiff, and defendant appeals. Reversed, and remanded for new trial.

June 25, 1923, appellee, then about 15 years of age, and another boy, about 10 years of age, at the invitation of one Phelps were riding with Phelps in an automobile he was driving east on Colorado street in the city of Palestine, when the automobile was struck by a box car moving north on appellant's tracks where same crossed said street. As a result of the collision, appellee suffered injury to his person. This suit against appellant for damages was brought by R. M. Kennedy, appellee's father, on his own behalf and on behalf of appellee as next friend, on the theory that appellant was guilty of negligence in ways specified which proximately caused the accident. On special issues sub-

mitted to them, the jury found appellant was guilty of such negligence in that: (1) It allowed the cars which collided with the automobile "to become loose and roll down and across" the crossing "without having an engine attached to them." (2) It allowed said cars "to become loose and roll along the track without being equipped with adequate and suitable brakes for stopping them." (3) It failed "to ring the bell as said cars approached the crossing where the collision occurred." (4) It failed "to sound the whistle as said cars approached said crossing." (5) It failed "to have said cars equipped with a suitable whistle or bell or other means of warning plaintiff of the approach of the cars." (6) It failed "to warn plaintiff of the approach of said cars at the time and place of the collision." (7) It failed "to keep a proper lookout for people at said crossing." (8) It allowed said cars "to be propelled down said railroad track at a dangerous rate of speed." (9) It maintained a section house or tool house near the crossing "in the manner the evidence showed it did maintain it." (10) It maintained the rails at the crossing where the collision occurred "in the manner the testimony showed it did maintain same." The jury found, further, that appellee was not negligent in that he failed to keep a lookout for and discover the cars and warn Phelps of the danger therefrom. They found further that the automobile stopped on the crossing "before it was struck by the box car." The jury found further that $3,000 would compensate appellee for the injury he suffered. R. M. Kennedy having dismissed the suit so far as it was on his own behalf, judgment was rendered in appellant's favor against him for costs. On the findings of the jury specified above, judgment was rendered in appellee's favor against appellant for $3,000.

Andrews, Streetman, Logue & Mobley and Morris, Sewell & Morris, all of Houston, for appellant.

J. D. Pickett, of Palestine, for appellee.

WILLSON, C. J. (after stating the facts as above). Appellee having testified (as a witness in his own behalf) as to how the accident happened and as to the injury he suffered as a result thereof, appellant, to impeach him, offered as evidence a certified copy of a judgment of a district court of Bexar county, rendered June 19, 1925, convicting him of theft, and assessing his punishment at confinement in the penitentiary for a term of years. It appeared from recitals in the judgment that it was based on a plea of "guilty" by appellee, and that on the recommendation of the jury sentence thereon was suspended. Appellee objected to the admission of the judgment as evidence, on the ground that it was "incompetent and irrelevant and immaterial and prejudicial to him." Appellant complains here because the court sustained the objection and excluded the of-

fered evidence, and cites Railway Co. v. Gibson, 42 Tex. Civ. App. 306, 93 S. W. 469, and Huff v. McMichael, 60 Tex. Civ. App. 379, 127 S. W. 574, as cases supporting its contention that the action of the court was error entitling it to a reversal of the judgment against it.

The holding in the Gibson Case, approved in the McMichael Case, was that a judgment convicting a witness of a felony was admissible as evidence to impeach the witness. The court said the judgment of conviction took the case "out of the general rule [quoting] which excludes evidence tending to show that the witness has been guilty of a particular offense," and added:

"The rule referred to is based upon the ground that it would be unfair to the witness to set up charges against him without notice and time to prepare to meet such charges, and *because such a course might result in unnecessary confusion of issues before the jury.* But neither of these reasons exist when the discrediting fact is a judicial conviction of crime, because the proof of such conviction is made by documentary and record evidence, and does not operate upon the witness with unfair surprise, nor lead to confusion of issues. And, for these reasons, it is stated in an eminent text-book [1 Greenl. Ev. § 461] that 'proof by the record of conviction of crime is universally conceded to be a proper mode of impeachment.'"

Appellee cites Boon v. Weathered, 23 Tex. 675; Ayres v. Duprey, 27 Tex. 594, 86 Am. Dec. 657; Kennedy v. Upshaw, 66 Tex. 442, 1 S. W. 308; Railway Co. v. Creason, 101 Tex. 335, 107 S. W. 527; Railway Co. v. De Bord, 21 Tex. Civ. App. 691, 53 S. W. 587; Cooper Grocery Co. v. Neblett (Tex. Civ. App.) 203 S. W. 365; Ins. Co. v. Buie (Tex. Civ. App.) 252 S. W. 295; Burchard v. Woodward (Tex. Civ. App.) 223 S. W. 707; and Railway Co. v. Burleson (Tex. Civ. App.) 157 S. W. 1177—as cases holding to the contrary of the ruling in the Gibson Case. In none of the cases cited, except Cooper Grocery Co. v. Neblett and Railway Co. v. De Bord, was there an offer to impeach the witness by a judgment showing he had been convicted of a felony.

The question in Boon v. Weathered was as to whether, in the impeachment of a witness, the inquiry should be confined to his general reputation for truth or extend to his general moral character. The court held the inquiry should not be so extended, but should be confined to general reputation for truth.

The question in the other cases, except the Neblett and De Bord Cases, all following Boon v. Weathered, was not materially different from that in said Boon v. Weathered; and in none of them, unless Cooper Grocery Co. v. Neblett should be excepted. was any notice taken of the exception to the general rule recognized in the Gibson Case. We think the holding in the last-mentioned case is correct, and do not regard it as in conflict with the holdings in any of the other cases

mentioned, except said Cooper Grocery Co. v. Neblett and Railway Co. v. De Bord.

It follows we think appellant's contention that the trial court erred when he excluded the judgment of the Bexar county district court as evidence should be sustained. And, viewing the case as we do, we cannot agree with appellee in his insistence that, if the ruling was error, the error should be treated as harmless. On the contrary, we think the error requires a reversal of the judgment.

The questions presented by the second and fifth assignments of error are not likely to arise when the case is tried again, and for that reason they will not be determined now. We think the ruling complained of in the fourth assignment was correct, and overrule that assignment. We do not think the evidence referred to in the third assignment should have been excluded on any of the grounds of the objection urged to it.

The judgment is reversed, and the cause will be remanded to the court below for a new trial.