**EVANS v. JACOBS et al.**

No. 9851.

Court of Civil Appeals of Texas. Austin.

Feb. 15, 1950.

546

William C. McDonald, of San Angelo, for appellant.

Cliff Tupper, of San Angelo, for appellees.

GRAY, Justice.

This is an appeal from a judgment (rendered upon a jury's verdict) awarding appellees damages for injuries sustained by them as the result of a collision of the automobile owned by them and driven by appellee Bennie C. Jacobs, with a truck driven by appellant.

Appellees allege that appellant was negligent in the operation of his truck in three respects: (1) in executing a "U" turn at a place where the same was not permitted by law; (2) in failing to give any hand signal indicating his intention to make either a left-hand or a "U" turn, and (3) in failing to keep a proper lookout for other cars then proceeding along the highway.

The facts show that appellant, accompanied by his wife, was driving a truck with a trailer attached. The trailer was a livestock trailer, however, at the time it had no sideboards but "just the floor," and it was not loaded. The collision occurred at the intersection of a highway and a street in the City of San Angelo, Texas. Appellant and appellees were proceeding in the same direction when appellant undertook to make a left or a "U" turn, with the result that appellees' automobile collided with the trailer. Damages resulted to appellees' automobile, and appellee Effie Mae Jacobs sustained personal injuries to her head which were sewed up at the hospital and required four treatments by the doctor. At the time of the collision she was "knocked out" for two or three minutes. Appellees are husband and wife.

The record does not show that a "U" turn was prohibited by law at the place where the collision occurred. Except as to this item of the pleading, appellant was found guilty of the three acts of negligence pleaded against him.

Complaint is here made that appellee Bennie C. Jacobs, after testifying how the collision occurred, that his wife was injured, her injuries treated at the hospital, and that she was under the care of a doctor, was permitted, over appellant's objection, to answer, first:

"Q. Did she suffer any pain? A. Yes, and still has trouble."

And further:

"Q. What kind of trouble does she have? A. Pains shooting through her head."

The above questions and answers were objected to because the witness was not an expert, that any answer that he gave would be no more than a conclusion, and that the wife or the doctor who treated her should be brought in to answer such questions.

Neither the doctor nor the wife testified.

A witness, though he is not a medical expert, may express his opinion as to the physical condition of himself, or of another, and, in so doing, is not required to state all the evidentiary facts upon which he bases his opinion. His testimony is

received because a mere description, absent the opinion, would not convey a perfect idea of the force, meaning and character of the thing described. Texas & N. O. R. Co. v. Clippenger, 47 Tex.Civ.App. 510, 106 S.W. 155, Err.Ref., where the husband was permitted to testify that his wife suffered physical pains after her injury. See Shuffield v. Taylor, 125 Tex. 601, 83 S.W.2d 955. In International & G. N. R. Co. v. Sandlin, 57 Tex.Civ.App. 151, 122 S.W. 60, 61, Err. Ref., the husband was permitted to testify that his wife "suffers a great deal now. She is crippled and can not walk. She has been in bed or either in the rolling chair, and suffering all the time since that accident. Her lower limbs are in a paralyzed condition now, and she hasn't any use of them and has no feeling in them."

■ We think no error is presented by these points. Carmichael v. Harrison, Tex. Civ.App., 165 S.W.2d 510, 19 Tex.Jur., p. 354, Sec. 231.

Appellant's next points are predicated on his bill of exceptions No. 3 and No. 4, and since they are closely related they will be treated together.

By bill of exception No. 3, appellant complains that over his objection he was asked and required to answer the following question:

"Q. You hold a permit under the Railroad Commission? A. No, sir, I had just dropped one."

Appellant's objection was that the question was improper, prejudicial, could have no bearing on any issue involved, was not predicated on any pleadings, and whether or not appellant had a permit could not have caused the collision and in nowise have contributed to the resulting damages and injuries, if any. To this objection appellees' counsel replied:

"That we want to show that if this man violated one law in not having a permit from the Railroad Commission, then he would be likely to violate another law in not stopping when he made the turn, and if he is engaged in blackmarket trucking, then he would have no regard for the law of the road."

Appellant objected to such remarks.

By bill of exception No. 4, appellant complains that, over his objection, he was required to answer that he did not hold a permit for trucking at the time the collission occurred. The objections made to the question here were substantially the same as set out in bill of exception No 3.

The record does not show by allegations in the pleadings, or the evidence, that at the time of the collision, or prior thereto, the truck and trailer driven by appellant was one for which a permit from the Railroad Commission was required.

■ We do not think the evidence was admissible for the reasons stated by counsel. Under the record before us it did not establish or tend to establish negligence on the part of the appellant. Since it is not shown that appellant was operating a truck and trailer for which a permit is required, there is no occasion to discuss any law relative to such permit.

■ However, if the evidence was admitted for impeachment purposes, we think its admission was error. In Texas & N. O. R. Co. v. Parry, Tex.Com.App., 12 S.W.2d 997, 1001, the rule is stated to be that: " * * * where the witness has been legally charged by indictment, complaint, or information and complaint, with an offense involving moral turpitude, and has been legally convicted of such offense in a court of competent jurisdiction, or where the witness has been so legally charged with such offense, and presently admits his guilt, then such matters are admissible in evidence touching his credibility as a witness. Kennedy v. International Great Northern R. Co., Tex.Com.App., 1 S.W.2d 581. Otherwise, in the impeachment of a witness, the inquiry should be confined to his general reputation for truth and veracity, and should not be extended to his general moral character. Missouri, K. & T. R. Co. v. Creason, 101 Tex. 335, 107 S.W. 527, and authorities there cited."

Texas Employers' Ins. Ass'n v. Drayton, Tex.Civ.App., 173 S.W.2d 782, Err.Ref. W.M.; Associated Employers Lloyds v Tullos, Tex.Civ.App., 197 S.W.2d 210, Err. Ref.N.R.E.; Bunch v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 209 S.W.2d 657.

As we view the record before us the above evidence was not relevant to any issue in the case and its presence before the jury could serve only one purpose which was to discredit appellant as a witness in his own behalf. The record shows that appellant and his wife were the occupants of the truck, he was the driver and that his defense to the charges of negligence brought against him depends almost entirely on his own testimony. Under the record, we are of the opinion that the error was of such nature as to require a reversal. Bain Peanut Co. of Texas v. Pinson, Tex.Com. App., 294 S.W. 536; Peek v. Parker, Tex. Civ.App., 210 S.W.2d 619.

Of course we cannot here determine the affect, if any, that this evidence had upon the jurors, but we think the exceptions of appellant, when viewed with the record as a whole, show that prejudice probably resulted to appellant, and that the overruling of his exceptions and admitting the evidence was the denial to appellant of a substantial right. Golden v. Odiorne, 112 Tex. 544, 249 S.W. 822; American Nat. Bank of Austin v. Sheppard, Tex.Civ.App., 175 S.W.2d 626.

The judgment of the trial court is reversed and this cause is remanded.

Reversed and remanded.