Ralph COMPTON, Appellant,

v.

Robbie Cecile JAY, a feme sole, Appellee.

No. 7556.

Court of Civil Appeals of Texas.

Texarkana.

June 2, 1964.

Rehearing Denied June 16, 1964.

Kenley, Ritter & Boyland, Longview, for appellant.

Jones, Brian, Jones & Baldwin, Marshall, for appellee.

DAVIS, Justice.

Plaintiff-appellee, Robbie Cecile Jay, a feme sole, sued appellant-defendant for damages that grew out of a collision between a 1951 model Ford car owned by appellee, and a 1962 model pickup truck owned by appellant, which occurred in Turnertown, Rusk County, Texas, on November 4, 1962. The case was tried before a jury. The jury convicted appellant of several acts of negligence, and found no contributory negligence on the part of appellee. The jury awarded the appellee $5250.00 damages for physical and mental pain and suffering, the loss of earning capacity, past and future, and the loss of earnings; $750.00 for medical and hospital expenses; and, $215.00 for a decrease in the market value of the appellee's car. Judgment was entered accordingly. A motion for new trial was filed and was overruled by operation of law. Appellant has perfected his appeal and brings forward six points of error.

Appellant briefed only his first point of error. He filed argument on the other points of error, but he did not cite any cases or authority in support thereof. The last five points of error are found to be without any merit, not being briefed, and are overruled.

By his first point, the appellee says the trial court erred in admitting evidence of prior convictions of the appellant for the offence of driving while intoxicated. He cites three cases: Texas & N. O. Ry. Co. v. Parry et al. (Tex.Com.App.) 12 S.W.2d 997; Evans v. Jacobs et al. (Tex.Civ.App.) 228 S.W.2d 545, N.W.H.; and Tripp v. Watson, (Tex.Civ.App.) 235 S.W.2d 677, W.R., N.R.E. In the Tripp v. Watson case, supra, the defendant claimed as a defense that the plaintiff was intoxicated, and sought to enter evidence of the plaintiff's conviction of driving while intoxicated on an occasion several months prior to the date of the collision. The court stated that they did not have a case where the driver had confessed to being intoxicated on the occasion in question by having pleaded guilty to the criminal charge. The conviction was not admissible for impeachment purpose on the theory that the offence was one involving moral turpitude. There was no competent evidence showing that the plaintiff was intoxicated on the occasion in question. The judgment of the trial court was affirmed.

The evidence offered in the Jacobs case, supra, was not that the defendant had been convicted of a felony, but that he did not have a Railroad Commission permit, citing the general rule relied upon in Kennedy v. International Great Northern Ry. Co. (Tex. Com.App.), 1 S.W.2d 581. The Jacobs case is distinguishable on the facts in the present case in that it involves neither a felony, nor a misdemeanor involving moral turpitude.

In the Texas & N. O. Ry. Co. v. Parry case, supra, the question involved was one as to whether or not the witness had been involved in thefts. No plea of guilty or judgment of conviction was offered, but merely the accusation that he had been involved with thefts. This case is not similar to the case at bar. There was no evidence of a conviction, nor a plea of guilty of any crime whatsoever.

It seems that the cases relate back to and rely upon the rule as announced in the Kennedy case, supra. In the case of Gulf, C. & S. F. Ry. Co. v. Gibson, (42 Tex.Civ.App. 306) 93 S.W. 469, the evidence offered was a judgment of conviction of a felony. The court held that such evidence in the form of a judgment of conviction took the case out of the general rule excluding such evidence. It reasoned that the basis for excluding such evidence in the past was upon the ground that it would be unfair to the witness to set up charges against him without

notice and a chance to meet such charges; and, also, that it would be confusing to a jury. Due to the fact that a judgment of conviction of a felony was offered, the reason for the ordinary rule did not exist. The evidence was admitted.

 Art. 802b, Vernon's Ann.Tex.P.C. makes a subsequent offence of driving while intoxicated a felony. Upon the trial of this case there was evidence offered to show that the appellant was intoxicated at the time of the collision. The appellant denied the charge, but then admitted that he plead guilty to the subsequent offence of driving while intoxicated—a felony— on January 28, 1963. Then to show that he was in the habit of partaking of alcoholic beverages, he was asked about the two prior convictions of driving while intoxicated—a felony—which occurred on the date of April 28, 1962, and August 25, 1962, less than six months prior to the date of the collision in question. The general rule in this state is that habits of intemperance, or sobriety, are admissible to corroborate or rebut the alleged fact of intoxication on the particular occasion. 2 McCormick & Ray, Texas Law of Evidence 356, Sec. 1512, reads as follows:

"There is considerable conflict among the authorities as to whether a man's intoxication or lack of it on a particular occasion may be shown by proof of his habits in regard to intoxication or sobriety. It has been argued that while a habit of abstaining from liquor should be received to evidence probable sobriety on a given occasion, habits of intemperance or intoxication should not be admitted for the opposite purpose, the theory being that the latter indicate at most only frequent indulgences as distinguished from a steady practice of intoxication. *The rule in this state appears to be that habits of intemperance or sobriety are admissible to corroborate or rebut the alleged fact of intoxication on the particular occasion, but only when that issue has* been raised by other evidence and not otherwise." (Emphasis added).

 The evidence was admissible because appellant had been convicted of a felony offence and touching his credibility as a witness when he denied that he was intoxicated at the time of the collision. Kennedy v. International Great Northern Ry. Co., supra; Crutchfield v. State, 184 Tex.Cr.R. 399, 187 S.W.2d 911; Transport Insurance Company v. Cossaboon (Tex. Civ.App.) 291 S.W.2d 746, W.R., N.R.E.; McCarty v. Gappelberg (Tex.Civ.App.), 273 S.W.2d 943, W.R., N.R.E.; R. T. Herrin Petroleum Transport Co. v. Proctor, 161 Tex. 222, 338 S.W.2d 422; Robinson v. Lovell, 238 S.W.2d 294, (Tex.Civ.App.), W.R., N.R.E.; M. K. Hall Co. v. Caballero (Tex.Civ.App.) 358 S.W.2d 179, W.R., N.R.E.

The point of error is overruled.

The judgment of the trial court is affirmed.